1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DOE,                                    No.  2: 22-cv-1852 KJN P

12                      Plaintiff,

13            v.                                   ORDER

14   G. VIERA ROSA,

15                      Defendant.

16

17         Plaintiff is a county prisoner, proceeding without counsel.  On October 17, 2022, plaintiff

18   filed a complaint and a motion for a preliminary injunction in which he identifies himself as

19   plaintiff "John Doe."  Plaintiff filed a separate pleading requesting that he be allowed to proceed

20   as plaintiff "John Doe" in his complaint and motion for injunctive relief.  Plaintiff also requests

21   that his application to proceed in forma pauperis, containing his true identity, be filed under seal.

22         For the reasons stated herein, plaintiff's requests to proceed as plaintiff "John Doe" and to

23   file his application to proceed in forma pauperis under seal are denied.

24   Request to Proceed as Plaintiff "John Doe"

25         *Legal Standard*

26         "The normal presumption in litigation is that parties must use their real names."  Doe v.

27   Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010); see also

28   Fed. R. Civ. P. 10(a) (requiring the title of every complaint to "name all the parties").  "This

                                          1

1   presumption is loosely related to the public's right to open courts, [citation omitted] and the right

2   of private individuals to confront their accusers."  Kamehameha, 596 F.3d at 1042 (citations

3   omitted).

4          "The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is

5   'necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'"

6   Doe v. UNUM Life Ins. Co. of Am., 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting

7   United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1980)); Does I thru XXIII v. Advanced

8   Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) ("In this circuit, we allow parties to use

9   pseudonyms in the unusual case ....") (citations and quotation marks omitted); United States v.

10  Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, 'the identity of the parties in any

11  action, civil or criminal, should not be concealed except in an unusual case, where there is a need

12  for the cloak of anonymity.'") (citations and quotation marks omitted); Doe v. Ayers, 789 F.3d

13  944, 946 (9th Cir. 2015) (noting that the use of a pseudonym was proper because of the case's

14  exceptional nature).  To test whether use of a fictious name is appropriate, courts ask whether

15  "the party's need for anonymity outweighs prejudice to the opposing party and the public's

16  interest in knowing the party's identity."  Advanced Textile Corp., 214 F.3d at 1068.

17         To determine whether to allow a party to proceed anonymously, a district court must

18  balance five factors:  "(1) the severity of the threatened harm, (2) the reasonableness of the

19  anonymous party's fears, ... (3) the anonymous party's vulnerability to ... retaliation, (4) the

20  prejudice to the opposing party, and (5) the public interest."  Kamehameha, 596 F.3d at 1042.

21  District courts place particular emphasis on the first and second factors.  Id. at 1043.

22         *Discussion*

23         Having considered the grounds of plaintiff's request and the five factors set forth above,

24  considering that no defendant has been served, the undersigned finds that plaintiff has not

25  demonstrated good cause to appear anonymously in his complaint and motion for preliminary

26  injunction.  Accordingly, plaintiff's request to proceed as plaintiff "John Doe" is denied.

27  ////

28  ////

2

1    <u>Request to File In Forma Pauperis Application Under Seal</u>

2        *Legal Standard*

3        There is a presumption in favor of public access to court records.  <u>See</u> <u>Phillips ex rel.</u>

4 <u>Estates of Byrd v. Gen. Motors Corp. (Phillips)</u>, 307 F.3d 1206, 1210 (9th Cir. 2002).  However,

5 "access to judicial records is not absolute."  <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d

6 1172, 1178 (9th Cir. 2006).  Two standards govern whether documents should be sealed: a

7 "compelling reasons" standard, and a "good cause" standard.  <u>Id.</u> at 1179; <u>Pintos v. Pac. Creditors</u>

8 <u>Ass'n</u>, 605 F.3d 665, 677–78 (9th Cir. 2010).  The "good cause" and "compelling reasons"

9 standards should not be conflated; a "good cause" showing will not, without more, satisfy the

10 "compelling reasons" test.  <u>Kamakana</u>, 447 F.3d at 1180.

11        The "good cause" standard is an exception that the Ninth Circuit "carved out ... for sealed

12 materials attached to a discovery motion unrelated to the merits of a case" or documents only

13 tangentially related to the underlying cause of action.  <u>Center for Auto Safety v. Chrysler Group,</u>

14 <u>LLC</u>, 809 F.3d 1092, 1097 (9th Cir. 2016); <u>see also</u> <u>Kamakana</u>, 447 F.3d at 1179–80 (a

15 "particularized showing" under the "good cause" standard of Rule 26(c) will "suffice [ ] to

16 warrant preserving the secrecy of sealed discovery material attached to non-dispositive

17 motions."); Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a

18 party or person from annoyance, embarrassment, oppression, or undue burden or expense…").

19        *Discussion*

20        Plaintiff's request to file his in forma pauperis application, containing his true identity,

21 under seal is governed by the good cause standard.  The grounds of plaintiff's request to file his

22 forma pauperis application under seal appears to be the same as the grounds of his request to

23 proceed as plaintiff "John Doe."

24        Taking into consideration plaintiff's concerns alleged in the request to seal, the

25 undersigned finds that plaintiff fails to demonstrate good cause in support of his request to file his

26 in forma pauperis application under seal.  Accordingly, plaintiff's request to file his in forma

27 pauperis application, containing his true identity, under seal is denied.

28 /////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request to proceed as plaintiff "John Doe" is denied;

3    2.  Plaintiff's request to file his application to proceed in forma pauperis, containing his

4        true identity, under seal is denied;

5    3.  Pursuant to Local Rule 141(e)(1), the Clerk of the Court shall return to plaintiff the

6        documents filed October 17, 2022;

7    4.  Plaintiff may re-file this action if he chooses to include his true identity in his

8        application to proceed in forma pauperis, complaint and motion for preliminary

9        injunction and to file these documents on the public docket.

10   Dated:  November 1, 2022

11

12                                                KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17
     Ells1852.ord
18

19

20

21

22

23

24

25

26

27

28

4